## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

PETER BERGMAN, an individual,       )       No.:
on behalf of himself and others      )
similarly situated,                  )
                                     )
        Plaintiff,       )
                                     )       **JURY TRIAL DEMANDED**
    v.                       )
                                     )
KINDRED HEALTHCARE, INC.             )
KINDRED CHICAGO LAKESHORE and DOE    )
DEFENDANTS 1-10                      )
                                     )
        Defendants.      )

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Peter Bergman, on behalf of himself and others similarly situated, files the

following Complaint, averring as follows:

1.  This is a nationwide collective action under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of plaintiff and all other persons similarly

situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the three years preceding the filing of
> this action by Defendant (as hereinafter defined), whose pay was
> subject to an automatic 30 minute meal period deduction even
> when they performed compensable work during the unpaid "meal
> break" (the "Collective Action Class").

2.  In addition to the nationwide FLSA claims, Plaintiff brings this action as a state-

wide class action on behalf of all Illinois citizens who, at any time during the past three years and

up until the date of entry of judgment are or were employed by Defendant at any of Defendant's

Illinois facilities to recover all unpaid wages under the Illinois Minimum Wage Law, ("IMWL"),

820 ILCS 105/1 *et seq.*; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS

115/1 *et seq.*; and Illinois common law ("Illinois state law claims").

3.      Plaintiff brings the Illinois state law claims as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated:

> All persons employed within the three years preceding the filing of this action by Defendant at any of its Illinois facilities, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break" (the "IL State Law Class").

4.      Upon information and belief, Plaintiff alleges that at all relevant times each DOE defendant was the officer, director, employee, agent, representative, alter ego, parent or subsidiary, or co-conspirator of each of the other defendants.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the Defendants.  Once Plaintiff uncovers the proper names of the DOE defendants, Plaintiff will seek leave to amend to add them under their true identities.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6.      This Court has original jurisdiction over Plaintiff's Illinois state law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2), because Plaintiff and members of the IL State Law Class are citizens of a state different than Defendant and the matter in controversy exceeds the sum or value of $5,000,000.

7.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the Illinois state law claims because those claims derive from a common nucleus of operative facts.

8.      Venue for this action properly lies in the Northern District of Illinois, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

### A.      Plaintiff

9.      Plaintiff, Peter Bergman, is an adult individual residing in Chicago, Illinois. Plaintiff is employed by Defendants and works at Kindred Chicago Lakeshore.  He spends his time working on a patient floor.   While working on the patient floor, Plaintiff is regularly required to perform compensable work during unpaid "meal breaks."

### B.      Defendants

10.      Kindred Healthcare, Inc. (hereinafter referred to as "KHI") is a healthcare services company that, through its subsidiaries operates hospitals, nursing centers and a contract rehabilitation services business across the United States.

11.      At June 30, 2009, KHI operated 82 long-term acute care hospitals (6,250 licensed beds) in 24 states and 222 nursing and rehabilitation centers (27,623 licensed beds) in 27 states.

12.      KHI has approximately 54,800 employees in 40 states.

13.      KHI reported an annual revenue of over $4 billion for the year ending December 31, 2008.

14.      KHI is headquartered at 680 South Fourth Street, Louisville, KY 40202.

15.     Kindred Chicago Lakeshore (hereinafter referred to as "KCL") is a 103-bed long-term acute care hospital located at 6130 North Sheridan Road, Chicago, Illinois 60660.  Upon information and belief, KCL is a wholly-owned subsidiary of KHI.

16.     KHI and its subsidiaries are related organizations through, for example, common membership, governing bodies, trustees and/or officers and benefit plans.

17.     Upon information and belief, at all times, the wage and hour and all related employee compensation policies of KHI and its subsidiaries are and were centrally and collectively dictated, controlled, and ratified.

18.     Upon information and belief, KHI and its subsidiaries share common management and have common ownership.

19.     As such, KHI and its subsidiaries are the employer – single, joint or otherwise – of the Plaintiff and class members.

20.     For purposes of this complaint, KHI and KCL are hereinafter collectively referred to as "Defendant."

21.     For purposes of the Collective Action Class, Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. §216(b).

## FACTUAL BACKGROUND

22.     This action is filed on behalf of all non-exempt employees of Defendants whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks.  These persons include, but are not limited to, secretaries, housekeepers, custodians, clerks, porters, registered nurses, licensed practical nurses, nurses' aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters, nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff

nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research associates, operating room coordinators, surgical specialists, admissions officers, student nurse technicians, trainers, and transcriptionists employed by Defendants during the three years preceding the filing of this action.

23.     All non-exempt employees of Defendants are subjected to Defendant's "Meal Break Deduction Policy."

24.     Defendants maintain the "Meal Break Deduction Policy" at all of its facilities.

25.     Under the "Meal Break Deduction Policy," Defendant's computerized time and attendance system automatically deducts a 30 minute meal period per work shift.

26.     Plaintiff and class members often perform compensable work for Defendants during their uncompensated "meal breaks."

27.     Defendants do not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks."

28.     Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

29.     Plaintiff and class members routinely are required to stay at their duty post during their uncompensated "meal breaks."

30.     Defendants do not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work.

31.     Defendants routinely fail to ensure that unauthorized work is not being performed during employee "meal breaks."

32.     In fact, although Defendants automatically deduct 30 minute meal periods, Defendants expect Plaintiff and class members to be available to work throughout their shifts and consistently require its employees to work during unpaid "meal breaks."

33.     Plaintiff and class members are expected to eat without any change in demands from patients or relief by additional staff.

34.     Plaintiff and class members are often required to respond to pages, as well as requests by patients, co-workers and management, during unpaid "meal breaks."

35.     Defendants know and/or have reason to believe that Plaintiff and class members perform work during their unpaid "meal breaks."

36.     Plaintiff and class members perform work for Defendants, on Defendant's premises, in plain sight, and at management's request during their unpaid "meal breaks."

37.     Defendants have observed Plaintiff and class members working through their unpaid "meal breaks."  Defendants have directed Plaintiff and class members to work during their unpaid "meal breaks."

38.     Given the demands of the health care industry and staffing shortages, Defendants know that to get the tasks done that it assigns to Plaintiff and class members, Plaintiff and class members have to work through their unpaid "meal breaks."

39.     Under Defendant's "Meal Break Deduction Policy," Defendants improperly and illegally shift the burden to Plaintiff and class members to ensure that non-qualifying "meal breaks" are not deducted from their pay.

40.     Even though Defendants know that Plaintiff and class members are working during "meal breaks," Defendants fail to compensate Plaintiff and class members for their work,

electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work.

41. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendants. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

42. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

43. Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b), as a class action and on behalf of the IL State Law Class for claims under the Illinois Minimum Wage Law, ("IMWL"), 820 ILCS 105/1 *et seq.*; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*; and Illinois common law, as a class action pursuant to Fed.R.Civ.P. 23.

44. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claims under the IMWL, IWPCA, and Illinois common law may be pursued by all similarly-situated persons who do not opt-out of the IL Class pursuant to Fed.R.Civ.P. 23.

45.     The members of each of the Classes are so numerous that joinder of all members

is impracticable.  While the exact number of the members of the Classes is unknown to Plaintiff

at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there

are thousands of individuals in each defined class.

46.     There are questions of law and fact common to the Classes which predominate

over any questions affecting individual members only.  These factual and legal questions

include:

a.     Whether Plaintiff and class members were expected to and/or mandated to
       regularly work during unpaid meal breaks;

b.     Whether Defendant failed to pay Plaintiff and class members for all hours
       that they worked because of the fact that they automatically deducted 30
       minute meal periods despite the fact that Plaintiff and class members
       regularly performed compensable work during "meal breaks";

c.     Whether Defendant failed to pay Plaintiff and class members all overtime
       compensation due to them by virtue of their "Meal Break Deduction
       Policy";

d.     The correct statute of limitations for Plaintiff's and class members' claims;

e.     The correct method of calculating back overtime pay;

f.     Whether Plaintiff and class members are entitled to compensatory
       damages, and if so, the means of measuring such damages;

g.     Whether Plaintiff and class members are entitled to restitution;

h.     Whether Defendant is liable for pre-judgment interest; and

i.     Whether Defendant is liable for attorney's fees and costs.

.

47.     Defendant has acted and refused to act on grounds generally applicable to the

Classes.

48.     The claims of the representative Plaintiff are typical of the claims of the Classes in that Plaintiff was denied overtime wages as a result of Defendant's uniform policy of not compensating its non-exempt employees for all hours worked.  This is the predominant issue which pertains to the claims of each and every class member.

49.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

50.     Furthermore, even if any member of the Classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

51.     Plaintiff will fairly and adequately protect the interests of the Classes, as his interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

52.     Counsel for Plaintiff will adequately protect the interests of the Classes.  Such counsel is experienced with employment/class litigation and has previously served as class counsel in employment litigation.

53.     Plaintiff and the Classes he represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

54.     Defendant has engaged in a continuing violation of the FLSA.

55.     Plaintiff, as well as the individuals he represents, was denied overtime wages as a result of Defendant's pay practices.

56.     Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

57.     Defendant has engaged in a continuing violation of the IMWL and the IWPCA.

58.     Defendant's action in denying wages for all hours worked was intentional and constitutes a willful violation of the IWPCA.

59.     Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the IMWL and the IWPCA.

## COUNT I – FLSA

60.     The allegations set forth in the preceding paragraphs are incorporated herein.

61.     At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a).  At all relevant times, Defendant employed Plaintiff and each member of the Collective Action Class consistent with the terms of the FLSA.

62.     At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

63.     As a consequence of Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff

and class members were denied statutory overtime wages.

64.     Plaintiff and class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

65.     Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

66.     Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

A.      All applicable statutory damages;

B.      A Declaration that Defendant has violated the FLSA;

C.      An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

D.      An Order appointing Plaintiff and his counsel to represent those individuals opting in to the collective action;

E.      An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

F.      Any further relief which the Court deems appropriate under the circumstances.

## COUNT II - IMWL

67.     The allegations set forth in the preceding paragraphs are incorporated herein.

68.     The IMWL provides in relevant part:

> "[N]o employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

820 ILCS 105/4a(1).

69.     As a consequence of Defendant's employment practices whereby it automatically

deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages.

70.     Plaintiff and class members were employees of Defendant within the meaning of the IMWL and, as such, were entitled to the benefits of the IMWL's overtime wage requirements.

71.     Defendant is an employer within the meaning of the IMWL.

72.     Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the IMWL's minimum wage requirements.

73.     Defendant has failed to pay appropriate overtime wages under the IMWL.

WHEREFORE, Plaintiff respectfully requests:

A.      That Defendant's conduct be declared to be in violation of the IMWL;

B.      That Plaintiff and class members are granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the IMWL;

C.      That Defendant be ordered to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

D.      That Defendant be ordered to pay appropriate back pay to Plaintiff and class members;

E.      An Order designating this action as a class action;

F.      An Order appointing Plaintiff and his counsel to represent the IL State Law Class;

G.      Award counsel for Plaintiff reasonable attorneys' fees and costs; and

H.      Award any further relief which the Court deems appropriate under the

circumstances.

## COUNT III - IWPCA

74.     The allegations set forth in the preceding paragraphs are fully incorporated herein.

75.     The IWPCA provides in relevant part:

"Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period…"

820 ILCS 115/3.

"All wages earned by an employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period on which such wages were earned…All wages and final compensation shall be paid in lawful money of the United States, by check, redeemable upon demand and without discount at a bank or other financial institution readily available to the employee, or by deposit of funds in an account in a bank or other financial institution designated by the employee…"

820 ILCS 115/4.

76.     Plaintiff and class members are/ were employees of Defendant within the

meaning of the IWPCA and, as such, are entitled to timely payment of wages due to them.

77.     Defendant is an employer within the meaning of the IWPCA.

78.     Defendant's policy of subjecting Plaintiff's and class members' pay to automatic

meal break deductions even when they performed compensable work results in a violation of the

IWPCA.

79.     Plaintiff and class members have entered into an unwritten agreement with

Defendant pursuant to which Plaintiff and class members are to receive certain wages, in

compensation for their work for Defendant.

80.     Defendant's failure to pay wages for every hour worked, as required by Illinois

law, represents a violation of its oral agreement with Plaintiff and class members.

WHEREFORE, Plaintiff respectfully requests:

A.     That Defendant's conduct be declared to be in violation of the IWPCA;

B.     That Plaintiff and class members be granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the IWPCA;

C.     That Defendant be ordered to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

D.     That Defendant be ordered to pay appropriate liquidated damages to Plaintiff and class members;

E.     An Order designating this action as a class action;

F.     An Order appointing Plaintiff and his counsel to represent the IL State Law Class;

G.     Award counsel for Plaintiff reasonable attorneys' fees and costs; and

H.     Award any further relief which the Court deems appropriate under the circumstances.

## COUNT IV – UNJUST ENRICHMENT

81.     The allegations set forth in the preceding paragraphs are fully incorporated herein.

82.     Plaintiff brings this Count IV in the alternative to her claim under the IWPCA.

83.     Plaintiff and class members were not paid wages for every hour that they worked.

84.     Defendant retained the benefits of Plaintiff's and class members' uncompensated work under circumstances which rendered it inequitable and unjust for Defendants to retain such

benefits without paying for their value.

85. Defendant was unjustly enriched by requiring Plaintiff and class members to work hours for which they were not compensated.

WHEREFORE, Plaintiff respectfully requests:

A. That Defendant is declared to have been unjustly enriched;

B. That Defendant be ordered to pay back to Plaintiff and the class the amounts representing its unjust enrichment;

C. An Order designating this action as a class action;

D. An Order appointing Plaintiff and her counsel to represent the IL State Law Class;

E. Award counsel for Plaintiff reasonable attorneys' fees and costs; and

F. Award any further relief which the Court deems appropriate under the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff hereby requests a jury on all issues so triable.

DATED: January 12, 2010

Respectfully submitted,

  /s/ Marvin Miller_____
Marvin Miller
Matthew E. Van Tine
MILLER LAW L.L.C.
115 South LaSalle Street
Suite2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676
Email: mmiller@millerlawllc.com
         mvantine@millerlawllc.com

FARUQI & FARUQI, L.L.P.
Kendall S. Zylstra
Gerald D. Wells III
Stephen E. Connolly
2600 Philmont Avenue, Suite 324
Huntingdon Valley, PA 19006
Telephone: (215) 914-2460
Facsimile: (215) 914-2462
Email: kzylstra@faruqilaw.com
        jwells@faruqilaw.com
        sconnolly@faruqilaw.com

CARLSON LYNCH, L.T.D.
Bruce Carlson
Gary Lynch
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Facsimile: (724) 656-1556
Email: bcarlson@carlsonlynch.com
glynch@carlsonlynch.com

GILBERT RUSSELL McWHERTER, P.L.C.
Michael L. Russell
Clinton H. Scott
J. Brandon McWherter
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
Email: mrussell@gilbertfirm.com