UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER BERGMAN, BOBBIE CASON, and LISA Smith on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>KINDRED HEALTHCARE INC., KINDRED CHICAGO LAKESHORE, KINDRED HOSPITALS EAST, LLC., KINDRED HEALTHCARE OPERATING INC., and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 1:10-cv-00191<br><br>Judge William T. Hart<br>Magistrate Judge Nan R. Nolan |

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION
AND JUDICIAL NOTICE PURSUANT TO SECTION 216(B) OF
THE FAIR LABOR STANDARDS ACT AND CLASS CERTIFICATION
OF THE ILLINOIS STATE CLASSES PURSUANT TO FED. R. CIV. P. 23**

Plaintiffs, by and through their attorneys, move this Court to approve the sending of notice to a nationwide collective action class pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq*. and to a statewide class for violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.,* and the Illinois Wage Payment and Collection Act, ("IWPCA"), 820 ILCS 115/1 *et seq.* For the FLSA class, Plaintiffs move for Notice to be sent to the following class of potential plaintiffs:

> All persons employed within the three years preceding the filing of this action at any Kindred facility, on a non-exempt, hourly basis, whose pay was subject to an automatic 30 minute meal period deduction, and whose employment with Defendants was not governed by a collective bargaining agreement.

For the IMWL class, Plaintiffs move for Notice to be sent to the following class of potential plaintiffs:

1

> All persons employed by Defendants at any of their Illinois facilities at any time since January 12, 2007, who worked in excess of forty (40) hours in any individual workweek, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break," and who were not paid for all overtime worked, including such uncompensated meal break time, at a rate of one and one-half times their regular rate of pay.

For the IWPCA class, Plaintiffs move for Notice to be sent to the following class of potential plaintiffs:

> All persons employed by Defendants at any of their Illinois facilities at any time since January 12, 2000, who worked fewer than forty (40) hours in any individual workweek, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break," and who were not paid for all time worked, including such uncompensated meal break time.

In support of this motion, Plaintiffs attach and incorporate the following:

1. Exhibit A is a true and correct copy of a document entitled "Kindred Healthcare Inc., Form 10-K." The document bears the Bates No. D0002073-2192.

2. Exhibit B are the relevant portions of the deposition of Defendants' corporate designee, Jeremy Ballard, taken on January 5, 2011.

3. Exhibit C are the relevant portions of the deposition of a representative of Kindred Healthcare Operating, Inc., Renay Thommen, taken on February 8, 2011. Pursuant to the Protective Order entered in this matter, certain portions of the transcript are treated as confidential as they contain discussions of confidential documents.

4. Exhibit D is a true and correct copy of a document entitled "2007 Kindred Employee Handbook." The document bears the Bates No. D0001640-1695.

5. Exhibit E is a true and correct copy of a document entitled "Hospital Division Compensation Administration Program Objectives." The document is marked "Confidential" and bears the Bates No. D0005182-0005203.

6. Exhibit F are the relevant portions of the deposition of the Defendants' corporate designee, Diane Otteman, taken on December 17, 2011.

7. Attached to the Plaintiffs' Exhibits as Exhibit G are the relevant portions of the deposition of the Plaintiff Lisa Smith, taken on January 24, 2011.

8. Exhibit H is a true and correct copy of portions of a document entitled "Kronos Workforce Central." The document bears the Bates No. D0001097-0001100. Because the document was previously marked "Confidential," and that designation has since been removed, the document also bears the Bates No. D0006351-0006354.

9. Exhibit I is a true and correct copy of a document entitled "RN Job Description and Evaluation." The document bears the Bates No. D0001959-0001966.

10. Exhibit J is a true and correct copy of a document entitled "Phlebotomist Job Description and Evaluation." The document bears the Bates No. D00004290-0004296.

11. Exhibit K is a true and correct copy of a document entitled "Time Clock Feedback form." The document bears the Bates No. D00005524. Because the document was previously marked "Confidential," and that designation has since been removed, the document also bears the Bates No. D0006367.

12. Exhibit L is a true and correct copy of a document entitled "Auto Meal Deduction Policy Go- Live." The document bears the Bates No. D0001464-0001475. Because the document was previously marked "Confidential," and that designation has since been removed, the document also bears the Bates No. D0006355-0006366.

13. Exhibit M is a true and correct copy of a document entitled "Manager Guide to Human Resources." The document is marked "Confidential and Proprietary Information" and bears the Bates No. D0002575-0002577.

14. Exhibit N are the relevant portions of the deposition of the Plaintiff Peter Bergman, taken on July 23, 2011.

15. Exhibit O are the relevant portions of the deposition of the Plaintiff Bobbie Cason, taken on January 31, 2011.

16. Exhibit P is the Declaration of opt-in Plaintiff Amelia Wesseh.

17. Exhibit Q is the Order and Transcript addressing plaintiff's conditional collective action certification motion in the action styled *Cook v. St. John's Health*, No. 10-10016 (E.D. Mich.) where .

    both Faruqi & Faruqi and Carlson Lynch (two of the firms in the instant action) are also the principal firms responsible for prosecuting the *Cook v. St. John's Health* matter.

18. Exhibit R is the Opinion and Order addressing plaintiff's Rule 23 certification motion in the action styled *Meyers v. Crouse Health System, Inc.*, et al., No. 08-cv-1221 (N.D.N.Y. Mar. 8, 2011).

19. Exhibit S is the Opinion addressing plaintiffs' Rule 23 certification motion in the action styled *Colozzi, et al. v. St. Joseph's Hospital Health Center, et al.*, No. 08-cv-1220 (N.D.N.Y. Mar. 8, 2011).

20. Exhibit T is the Opinion addressing plaintiffs' Rule 23 certification motion in the action styled *Hamelin, et al. v. Faxton-St. Luke's Healthcare, et al.*, No. 08-cv-1219 (N.D.N.Y. Mar. 8, 2011).

Plaintiffs also rely upon Plaintiff's Memorandum in Support of Motion For Conditional

Certification and Judicial Notice Pursuant to Section 216(b) of the Fair Labor Standards Act and certification pursuant to Fed. R. Civ. P. Rule 23, including all exhibits and declarations, filed concurrently herewith.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1) approving the form of the notice to be sent to the prospective plaintiffs, attached hereto;

2) authorizing the dissemination of the notice to the prospective plaintiffs via U.S. Mail;

3) Instructing Defendants to produce the names and addresses of the prospective plaintiffs, in a computer-readable format; and

4) Designating counsel of record in this matter as Class Counsel, pursuant to Fed. R. Civ. P. 23, with Marvin Miller of Miller Law LLC serving as liaison counsel.

Dated: May 13, 2011          Respectfully submitted,
Plaintiffs

By: *s/Marvin A. Miller*
Marvin A. Miller
Matthew E. VanTine
MILLER LAW LLC
115 S. LaSalle Street
Chicago, IL 60603
(312) 332-3400

Gerald D. Wells, III
Kendall S. Zylstra
Gerald D. Wells III
Stephen E. Connolly
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: kzylstra@faruqilaw.com
jwells@faruqilaw.com
sconnolly@faruqilaw.com

Gary Lynch
Bruce Carlson
CARLSON LYNCH, L.T.D.
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Facsimile: (724) 656-1556
Email: bcarlson@carlsonlynch.com
glynch@carlsonlynch.com

Seth R. Lesser
Fran L. Rudich
KLAFTER OLSEN & LESSER
Ste. 350
Two International Drive
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
Email: slesser@klafterolsen.com

Michael L. Russell
Clinton H. Scott
J. Brandon McWherter
GILBERT RUSSELL McWHERTER,
P.L.C.101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540

6

Stacy M. Bardo
The Consumer Advocacy Center, P.C.
180 West Washington
 Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930
Email: lance@cacalawyers.com
stacy@caclawyers.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Marvin A. Miller, hereby certify that I used the CM/ECF system to electronically file the attached ***Plaintiff's Motion of Conditional Certification, Proposed Form of Judicial Notice, and Proposed Order*** on May 13, 2011, which provides notice to all counsel of record:

/s/ Marvin A. Miller
Marvin A. Miller
MILLER LAW, LLC.
115 South LaSalle Street – Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676